IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 25-cv-00892-REB-CYC

VADRAY SMITH, an individual,

    Plaintiff,

v.

ELLIOT SNOWMOBILE TOURS, LLC d/b/a MONARCH SNOWMOBILE TOURS, a Limited Liability Company,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

**Blackburn, J.**

This matter is before the court on **Plaintiff's Motion To Dismiss Defendant's Counterclaim Under Federal Rule of Civil Procedure 12(b)(6)** [#15],[1] filed May 27, 2025. I grant the motion.

By this lawsuit, plaintiff, Vadray Smith, brings a claim against defendant, Elliot Snowmobile Tours, LLC d/b/a Monarch Snowmobile Tours ("Monarch"), based on the alleged negligence of its employee in connection with a snowmobile tour in which Mr. Smith suffered injuries. Monarch asserts a counterclaim for breach of contract based on the liability waiver Mr. Smith signed prior to participating in the tour. Mr. Smith brings this motion to dismiss that claim, asserting waiver is a defense, not an independent cause of action. Alternatively, he claims Monarch fails to allege a claim for breach of

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

contract because the only damages it seeks are the attorney fees incurred as a result of having to defend this action. While I cannot agree with the first of these contentions, the second is cogent and requires the counterclaim be dismissed.

While waiver is generally an affirmative defense rather than an independent cause of action, **see Asphalt Specialties, Co. v. City of Commerce City**, 218 P.3d 741, 748 (Colo. App. 2009), that line of authority implicates the equitable defense of waiver, **see Jicarilla Apache Tribe v. Andrus**, 687 F.2d 1324, 1337 (10th Cir. 1982) (noting waiver is an equitable defense); **Mesa County Valley School District No. 51 v. Kelsey**, 8 P.3d 1200, 1206 (Colo. 2000) (same).[2] Here, Monarch does not assert the equitable defense of waiver; instead, it relies on an exculpatory contract which allegedly constitutes a waiver of Mr. Smith's right to sue for negligence. Although "long disfavored" and subject to certain exceptions, **Brigance v. Vail Summit Resorts, Inc**., 883 F.3d 1243, 1249 (10th Cir. 2018) (quoting **B & B Livery, Inc. v. Riehl**, 960 P.2d 134, 136 (Colo. 1998)), such agreements may be enforceable as against claims of negligence, **see Espinoza v. Arkansas Valley Adventures, LLC**, 809 F.3d 1150, 1152 (10th Cir. 2016), as well as claims of negligence per se, **see id**. at 1154-55. Thus, although Monarch's counterclaim appears to be untested, it is at least arguable that such an agreement could serve as the basis for a claim for breach of contract.[3]

Nevertheless, Monarch fails to allege a viable claim for breach of contract

---

[2] Because jurisdiction in this case is based on diversity of citizenship, the court relies on Colorado law substantive law in considering the motion. **Erie Railroad Co. v. Tompkins**, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); **Racher v. Westlake Nursing Home Limited Partnership**, 871 F.3d 1152, 1162 (10th Cir. 2017).

[3] I express no opinion as to whether such a claim would be viable were the elements of breach of contract substantiated.

because the attorney fees Monarch will incur to defend against Mr. Smith's claim of negligence are not recoverable as damages.  *See **Tafoya v. Allstate Vehicle & Property Insurance Co.***, 709 F.Supp.3d 1353, 1361 (D. Colo. 2023) (elements of breach of contract includes damages attendant on breach).  *See also **Pomeranz v. McDonald's Corp.***, 843 P.2d 1378, 1381 (Colo. 1993) (plaintiff bears burden to show damages arising from breach of contract).  Under the "American Rule," "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." ***Alyeska Pipeline Service Co. v. Wilderness Society***, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *see also **Federal Trade Commission v. Kuykendall***, 466 F.3d 1149, 1152 (10th Cir. 2006).  Instead and in general, attorney fees incurred to bring or defend a claim are simply the transactional costs of enforcing legal rights.  *See **Cope v. Auto-Owners Insurance Co.***, 437 F.Supp.3d 890, 897 (D. Colo. 2020).  Indeed, in the specific context of exculpatory agreements, the Colorado Supreme Court has rejected the notion that a party may "recover his attorney fees and costs where the legal proceedings were instituted in violation of an agreement not to sue" as a matter of course.  ***Bunnett v. Smallwood***, 793 P.2d 157, 158 (Colo. 1990).

On the other hand, attorney fees are recoverable for breach of an exculpatory agreement where, *inter alia*, "the agreement expressly provides that remedy."  *Id.* at 162.[4]  Monarch maintains the release Mr. Smith signed meets this standard.  It is does

---

[4] Attorney fees also are recoverable pursuant to statute or rule, *see **Bunnett***, 793 P.2d at 162, but there is no argument that this exception is applicable here.  An exception is recognized also when attorney fees are "the legitimate consequences of the tort or breach of contract sued upon," *id.* at 160, as for example, when an attorney sues a client for unpaid attorney fees, *id.* at 161.  Stated differently, where the attorney fees are not merely incidental to but "represent a specific benefit of the contract breached," they are considered recoverable as damages for breach of contract.  *See **Bernhard v. Farmers***

not. Colorado law requires a "plain, unambiguous agreement" providing for recovery of attorney fees for the breach of the contract to overcome the presumption that they are not recoverable as damages. *Id.* at 163. Both the Tenth Circuit and the Colorado courts have interpreted this requirement as requiring an explicit reference to attorney fees in the contract. *See, e.g.*, **M.D. Mark, Inc. v. Kerr-McGee Corp**., 565 F.3d 753, 768-69 (10th Cir. 2009) (agreement to indemnify and hold harmless did not support award of attorney fees for breach of contract); **Allison v. Bank One-Denver**, 289 F.3d 1223, 1244-45 (10th Cir. 2002) (indemnity agreement's reference to "expenses reasonably incurred" insufficient to warrant recovery of attorney fees as damages for breach of contract), **as amended on denial of reh'g** (June 19, 2002); **Centura Health Corp. v. French**, 2020 WL 14046964 at *3 (Colo. App. June 18, 2020) (hospital services agreement allowing for recovery of "expenses" did not authorize award of attorney fees), **cert. denied**, 2021 WL 1553828 ( Colo. April 19, 2021); **Allstate Insurance Co. v. Huizar**, 52 P.3d 816, 820 (Colo. 2002) (insurance contract requiring payment of "other reasonable expenses incurred" did not allow for recovery of attorney fees). **Cf. Morris v. Belfor USA Group, Inc.**, 201 P.3d 1253, 1260 (Colo. App. 2008) (recovery of attorney fees permitted where fee-shifting provision specifically provided that "should defendant institute a collection action against plaintiffs, plaintiffs would reimburse defendant for its attorney fees"); **Butler v. Lembeck**, 182 P.3d 1185, 1189-

---

***Insurance Exchange***, 915 P.2d 1285, 1288 (Colo. 1996). ***Bunnett*** makes clear that the breach of a release does not constitute such an agreement absent specific contractual language providing for the recovery of attorney fees. ***Bunnett***, 793 P.2d at 161("[P]arties who enter into a release are aware of the potential legal costs if the agreement is breached. It is not unfair to require each party to pay its own legal costs if the parties did not find it necessary to include a fee shifting provision when they entered into the agreement.").

90 (Colo. App. 2007) (lease provision specifically authorized recovery of attorney fees incurred in enforcing lease).

The indemnity clause of the release Mr. Smith signed does not include such an explicit, specific reference providing for the recovery of attorney fees related to the breach of the agreement.  Instead, it states Mr. Smith will indemnify Monarch for "any and all claims, damages, demands, costs, losses, expenses, actions and judgments, which are created by or arise out of [Mr. Smith's] operations of the [snowmobile.]" (**Answer** ¶ 14 at 11 [#8], filed May 6, 2025.  *See also* [#18-1] at 2.)  That language, while otherwise impressively comprehensive, does not specifically refer to attorney fees. It therefore is insufficient under Colorado law to confer on Monarch a contractual right to recover as damages the attorney fees incurred in seeking to enforce the release.

For these reasons, the motion will be granted, and Monarch's counterclaim dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1.  That  **Plaintiff's Motion To Dismiss Defendant's Counterclaim Under Federal Rule of Civil Procedure 12(b)(6)** [#15], filed May 27, 2025, is granted;

2.  That the counterclaim of defendant, Elliot Snowmobile Tours, LLC d/b/a Monarch Snowmobile Tours, for breach of contract is dismissed with prejudice; and

3.  That at the time judgment enters, judgment with prejudice shall enter on behalf of plaintiff, Vadray Smith, against defendant, Elliot Snowmobile Tours, LLC d/b/a Monarch Snowmobile Tours, on its counterclaim for breach of contract.

Dated July 25, 2025, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge